**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 18-cv-60672-UU

KARINA CROS RIVAS,

      Plaintiff,

v.

CLEVELAND CLINIC FLORIDA, *et al.*,

      Defendants.

_____/

## ORDER

      THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment on Defendants' Second Affirmative Defense (D.E. 47).

      THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below the motion is denied.

## BACKGROUND

      Unless otherwise noted, these facts are undisputed.

      This suit arises out of the alleged medical negligence of Defendants, the Cleveland Clinic Florida and Cleveland Clinic Florida Health System Nonprofit Corporation (jointly "Cleveland Clinic") during their treatment of Plaintiff, Karina Cros Rivas. D.E. 54.

      In 2013 and 2014, Plaintiff underwent Liposonix procedures. *Id.*, *Uncontested Facts*, ¶ 3. After those procedures, she contracted an infection. *Id.* ¶ 4. In July 2015, she went to the emergency room at South Miami Hospital ("SMH") where she was diagnosed with abdominal wall cellulitis and prescribed an antibiotic. *Id.* ¶ 6. She returned to SMH twice in early August due to continued complaints about her abdominal wall. *Id.* ¶¶ 7, 8. An ultrasound found a fluid

1

buildup, and an emergency-room doctor noted erythema and induration. *Id*. A radiologist noted that the fluid buildup could represent hematomas or abscesses, but a consulting surgeon determined that surgery was not needed. *Id*.

On August 18, Plaintiff went to the emergency department at Cleveland Clinic. *Id.* ¶ 10. Plaintiff was seen by Dr. Craig Black. D.E. 54 ¶ 11. A CT scan was performed, but the radiologist did not identify drainable fluid or abscesses. *Id*. Accordingly, Dr. Black prescribed a five-day course of another antibiotic and instructed Plaintiff to follow up with her general surgeon. *Id*. This one incident gives rise to her claim. *See* D.E. 1.

Plaintiff then went to an infectious disease specialist who referred her to Mercy Hospital where she was admitted and had surgery to remove inflamed tissue. *Id* ¶¶ 14, 15. Subsequently, Plaintiff underwent multiple other surgical procedures for fluid drainage and plastic surgical repairs over the course of two years. *Id*. ¶ 16.

Plaintiff alleges that Dr. Black's decision not to perform drainage was negligent and caused her pain, impairment, scarring, and mental anguish, among other harms. D.E. 1 ¶ 14. In response, Defendants pleaded, as their second affirmative defense, that the Court should apportion liability among Plaintiff's other medical providers pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). D.E. 16. Plaintiffs' experts have opined that Plaintiffs' other medical providers breached the standard of care. *See* D.E. 52-3 & 52-4.

## LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When

determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techs., Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient

evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## DISCUSSION

This is a single-issue motion, and the issue is: may Defendants call Plaintiff's experts to testify on their behalf when the experts have already offered opinions on the topic at issue? For the reasons discussed below, the answer is 'yes' and the motion must be denied.

Plaintiff moves for summary judgment on Defendants' second affirmative defense on the grounds that: (1) Defendants' experts have not offered any opinions that any of Plaintiff's other medical providers deviated from the applicable standard of care; and (2) Defendants are prohibited from using Plaintiff's experts, who *have* offered those opinions, in their case-in-chief. Therefore, they argue, Defendants have no evidence tending to show that Plaintiff's other medical providers bear a share of the liability. Defendants respond that they are indeed permitted to use Plaintiff's experts for that purpose.

Defendants are correct. The Eleventh Circuit holds that "[o]nce a witness has been designated as expected to testify at trial, there may be situations when the witness should be permitted to testify for the opposing party." *Peterson v. Willie*, 81 F.3d 1033, 1038–39 (11th Cir. 1996). This decision is "committed to the sound discretion of the district court." *Id*. at 1039 n. 4. Where, as here, Plaintiff's experts offered testimony directly relevant to Defendant's affirmative defenses, and Plaintiff has long been aware of that fact, there is no prejudice to

Plaintiff in allowing Defendant to call those experts. *See, e.g.*, *Kerns v. Pro-Foam of S. Alabama, Inc.*, 572 F. Supp. 2d 1303, 1310 (S.D. Ala. 2007) (rejecting an identical argument because "[t]he risk of unfair surprise to defendant here is exactly nil; therefore, the Court finds that defendant is once again leaning on the Rule 26 disclosure requirements to secure a tactical advantage that these rules were never intended to confer.").

In support of their argument, Plaintiff relies on one case only: *Chapman v. Procter & Gamble Distrib.*, LLC, 766 F.3d 1296 (11th Cir. 2014). In *Chapman*, the Eleventh Circuit prohibited the plaintiff from relying on the defendant's experts at trial. But it did so because those experts did not meet the *Daubert* qualifications. *Chapman*, 766 F.3d at 1315–16. In short, because the experts were not qualified to offer their opinions, *neither party* was permitted use them. *Id*. The Eleventh Circuit even took pains to explain that its opinion should not be read to preclude one party from using another party's experts. *Id*. at 1315, n. 21 ("We are not saying parties may not use opposing parties' experts to prove their case at trial as a general proposition. We are recognizing that all experts, regardless of which party secured their services, must meet the qualifications established by *Daubert* and the procedural requirements of Rule 26(a)(2).").

In sum, Defendants are not prohibited from calling Plaintiff's experts. Therefore, they are able to offer evidence that Plaintiffs' other medical providers bear some share of the liability. It is, therefore, hereby

ORDERED AND ADJUDGED that the motion (D.E. 47) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _4th_ day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf