UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-60672-CIV-UNGARO/HUNT

KARINA CROS RIVAS,

    Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA HEALTH
SYSTEM NONPROFIT CORP. d/b/a
CLEVELAND CLINIC HISPITAL, et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

This matter is before this Court on Defendants' Verified Motion for Attorneys' Fees and to Tax Costs (the Motion) filed on June 21, 2019. ECF No. 130. Accordingly, also before the undersigned is Defendants' Bill of Costs. ECF No. 126. Defendants' Motion was referred to the undersigned on June 21, 2019. ECF No. 132; *See* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. After careful review of the Motion and Bill of Costs, the Responses and Replies thereto, the court file, and applicable case law, the undersigned respectfully RECOMMENDS that Defendants' Motion be GRANTED IN PART for reasons more fully stated below.

### Background

Plaintiff filed this medical malpractice action against Defendants on April 4, 2018. ECF No. 1. Plaintiff sought over $2 million in damages. The case proceeded to a jury trial from April 15, 2019 to April 23, 2019. At the close of Defendants' case on April 22,

2019, the Court orally granted Defendant CCH's Renewed Motion for Judgment as a Matter of Law. The next day, the jury returned a verdict in favor of Defendants CCF and Dr. Black and the Court entered a Final Judgment against Plaintiff, consistent with the jury's verdict and the Court's Order granting Defendant's Renewed Motion for Judgment as a Matter of Law. ECF No. 110. Defendants now file this Motion whereby Defendants request $286,308.00 in attorneys' fees.[1] ECF No. 130. Defendants also ask for costs in the amount of $28,654.65.[2] ECF No. 126.

## Analysis

I. <u>Attorney's Fees</u>

A court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU of Georgia v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999)

---

[1] Defendants seek their attorney's fees pursuant to Fla. Stat. 768.79 and Fed. R. Civ. P. 68, pursuant to a valid offer of judgment. Additionally, Defendants seek, in a footnote in the Motion, fees associated with their Motion. However, Defendants did not provide any details or billing statements regarding the amount they are seeking for fees related to the Motion. The parties must confer on this issue and, therefore, the undersigned declines to rule on this issue which is not properly before this Court. ECF No. 130 at 13, n.5.

[2] Defendants seek their costs pursuant to Fla. Stat. 768.79, Fed. R. Civ. P. 54 and 28 U.S.C. §1920. Defendants indicate in their Reply in Support of their Bill of Costs (ECF No. 129 at 8–9) that they will agree to withdraw their request for $931.50 in fees for interpretation services bringing the total amount of costs to $28,654.65 from their original amount of $29,586.16. Defendants only seek $298.00 in interpreter fees, which the undersigned recommends be awarded as discussed below.

("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. Of Broward Cty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 835 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Pursuant to Fed. R. Civ. P. 54 and 68 and Local Rule 7.3, Plaintiff and Defendants have conferred and reached an agreement as to most of the items Defendants set forth in their Motion. Plaintiff does not contest Defendants' general entitlement to attorney's fees or to the reasonableness of the rates. In fact, Plaintiff agrees that Defendants are entitled to nearly all the requested $286,308.00, except for $39,767.00 which is still in dispute. As such, the undersigned has determined that Defendants are entitled to attorney's fees pursuant to Section 768.79, Florida Statutes, and the rates are reasonable. This Court addresses Defendants' entitlement to the disputed fees here, in the order in which Plaintiff raised objections to them.[3] *See* ECF No. 133 at 1–4.

---

[3] In her Response, Plaintiff objects to 8.8 hours of travel time defense counsel claims they incurred to depose Plaintiff's doctor in St. Augustine, Florida. However, Defendants note that during the parties' meet and confer, Defendants agreed not to seek fees for that travel time and Defendants did not include that request in their Motion. Therefore, this Court disregards Plaintiff's objection.

First, Plaintiff objects that the 27.7 hours Defendants' counsel spent preparing for Plaintiff's experts' deposition are "excessive." Defendants' counsel spent 14.3 hours preparing for the deposition of Dr. Farraye and 13.4 hours preparing for the deposition of Dr. Morris. At the unobjected-to rate of $200 per hour, the total amount for preparation is $5,540.00. Plaintiff argues, instead, that five hours of preparation for the depositions of each of Plaintiff's two experts is reasonable. Plaintiff essentially argues that Defendants' fees regarding the deposition of Dr. Farraye are excessive by 9.3 hours ($1,860) and the fees for the deposition of Dr. Morris are excessive by 8.4 hours ($1,680). Defendants explain that the hours are reasonable since they prepared for these depositions by reading reports, testimony in prior cases, relevant medical literature, Plaintiff's extensive medical records, and Plaintiff's prior testimony. The undersigned finds that the amount of time Defendants' counsel spent preparing for these crucial depositions was reasonable and should not be second-guessed by opposing counsel. Therefore, the undersigned recommends that Defendants be awarded $5,540.00 in attorney's fees for these depositions.

Second, Plaintiff objects to various billing entries totaling $25,308.00 that Defendants redacted to protect counsel's work product and mental impressions. Plaintiff objects because she is unable to view the complete entries and therefore claims she is unable to determine the appropriateness of said entries. Local Rule 7.3 requires a party seeking attorney's fees to provide a "description of the tasks done during those hours" for which fees are sought, but does not "require the disclosure of privileged, immune, or protected material." S.D. Fla. L.R. 7.3. The undersigned has reviewed the redacted entries and is able to determine the tasks that Defendants' counsel performed and finds

the descriptions adequate. This Court does not find Plaintiff's argument that she was "unable to determine the appropriateness" of the entries persuasive. As such, an *in camera* inspection of the billing entries is not necessary and the undersigned recommends that Defendants be awarded the $25,308.00 in attorney's fees requested.

Finally, Plaintiff objects to $10,759.00 billed by Defendants' counsel in relation to Defendants' Motion for Evidentiary Hearing Concerning Fraud on the Court. The Court did not rule on the merits of the Motion, but the Court did order additional discovery on the limited topic of fraud on the court. Specifically, the Court ordered two depositions, one of Plaintiff's doctor (Dr. Reyna) and one of Plaintiff. Defendants did not seek sanctions after obtaining this additional discovery, but rather used the information they obtained during the cross-examinations of Plaintiff and Dr. Reyna for impeachment. Plaintiff argues that because the work performed for those depositions was for a "very narrow purpose and that purpose was abandoned" the billing of the $10,759.00 should be disallowed. This Court notes that Plaintiff does not dispute Defendants' entitlement to attorney's fees under Section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure. However, Plaintiff now argues Defendants are not entitled to the fees and costs associated with the court-ordered depositions of Dr. Reyna and Plaintiff. The undersigned finds that Defendants did not "abandon" the fraud on the court theory and that the deposition testimony was used at trial for purposes of impeachment and are compensable. Therefore, the undersigned recommends the Defendants be awarded $10,759.00.

II.   Costs

Federal Rule of Civil Procedure 54(d)(1) provides, "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The award of costs is largely controlled by statute. Under 28 U.S.C. § 1920, the court may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services of Section 1828 of this title.

Defendants seek $28,654.65 in costs. The undersigned finds that most of the requested costs are all statutorily permitted and reasonable under the circumstances. Regarding fees for witnesses, Plaintiff objects to all but $95.41 and argues that certain witnesses did not testify at trial. The undersigned rejects this argument, as has been done routinely in this district in that it only must be shown that their testimony may have been necessary. With regard to fees for service of summons and subpoenas, the undersigned finds that Defendants are entitled to recover these costs and that the testimony of these witnesses may have been necessary at trial. With regard to fees for copies, the court staff did require two exhibit books and the costs are compensable. With regard to deposition-related fees, the undersigned has reviewed the arguments and finds that these fees are recoverable. These fees include stenographic recording, video recording, and translator fees, among others. As stated above, the undersigned rejected

Plaintiff's objections regarding any fees and costs related to the fraud on the court argument. Accordingly, the fees and costs related to those issues are compensable.

However, the undersigned finds the $4,800 in expert witness fees ($3,000 to Dr. Morris and $1,800 to Dr. Farraye) is in excess of the statutory cap of $40 allowed under 18 U.S.C. § 1821. The undersigned concludes that if Defendants are entitled to an expert fee in this case, they are entitled only to the extent permitted by federal law. "[I]n [28 U.S.C. §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Section 1821 authorizes fees and allowances to an expert witness who appears at a deposition. 28 U.S.C. § 1821(a)(1). When a party seeks reimbursement for such fees, "a federal court is bound by the limit of § 1821(b), absent a contract or explicit statutory authority to the contrary." *Crawford Fitting*, 482 U.S. at 439; *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (1996); *Diperna v. GEICO Gen. Ins.*, 2016 WL 7246094, at *9–10 (M.D. Fla. June 27, 2016); *Sunderland v. Bethesda Hosp., Inc.*, No. 13-80685, 2016 WL 7469952, at *6 (S.D. Fla. Sept. 10, 2016); *Whittier v City of Sunrise*, 2008 WL 5765868, at *6 (S.D. Fla. Dec. 3, 2008).[4] Even if this Court analyzes the issue under the two prong test of the Rules Enabling Act "suppression" clause, the undersigned does not see a conflict between Fed. R. Civ. P. 26(b)(4)(E) and 28 U.S.C. § 1821. Rule 26 provides for the payment of expert witness fees to an expert, whereas § 1821 deals with the recovery of costs related to deposing expert witnesses.

The undersigned will not depart from Supreme Court, Eleventh Circuit, and District

---

[4] *Cf. Halasa v. ITT Educ. Srvcs., Inc.*, 690 F.3d 844 (7th Cir. 2012) (declining to follow *Crawford Fitting* in allowing the fee charged by the expert to be recovered as opposed to the statutorily permitted amount).

Court precedent and finds that Defendants are only entitled to the $40 per diem cap for expert witnesses.  Therefore, the undersigned recommends that Defendants be awarded $23,934.65 in costs.  To reach this amount, the undersigned subtracted the $4,800 from the requested $28,654.65 and added $80 back for the expert witness fees.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Attorneys' Fees and to Tax Costs, ECF No. 130, be GRANTED IN PART in the amount of $286,308.00 in attorney's fees and $23,934.65 in costs, for a total award of $310,242.65.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  1th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 7th day of August 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Ursula Ungaro
All Counsel of Record